Leopold Nathan, Trading as Local Improvement and Tax Payers' Association of Chicago, Appellee, v. David L. Peterson, Appellant.

### Gen. No. 17,975.

CHAMPERTY—*action for attorneys' fees where contract champertous.* An attorney does not forfeit his right to compensation for services by entering into a champertous contract, and where the illegal contract may be disregarded and recovery had on proof of the reasonable value of the services rendered, he has the right to recover under a *quantum meruit* count.

Appeal from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913.

O. C. PETERSON, for appellant.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee brought a suit to recover for services rendered as an attorney. The declaration included the common counts and a count declaring on a contract for such services properly held by the court to be champertous. The only question arising upon the record is whether or not, proof having been given of the reasonable value of such services, he could recover under the common counts.

In some jurisdictions it is held that an attorney does not forfeit his right to full compensation for services by entering into a champertous contract. 6 Cyc. 880; 5 Am. & Eng. Ency. of Law (2d Ed.) 828. That doctrine was approved in Brush v. City of Carbondale, 229 Ill. 144. Had the proof in the case at bar been confined to the illegal contract and rendition of services thereunder, or had the contract been a necessary part of the case, there could have been no recovery, but if the champertous contract may be disregarded and recovery had on proof of the reasonable value of the services rendered the right to recover under a *quantum meruit* would seem to follow. The judgment is accordingly affirmed.

*Affirmed.*